UNITED STATES of America,
Appellee,

v.

Diomedes ANZIANI, Defendant,
Appellant.

No. 05–2165.

United States Court of Appeals,
First Circuit.

Oct. 13, 2006.

Jason M. Sullivan, on brief for defendant, appellant.

Rachel E. Hershfang, Assistant United States Attorney, and Michael J. Sullivan, United States Attorney, on Motion for Summary Disposition for appellee.

Before TORRUELLA, SELYA, and HOWARD, Circuit Judges.

PER CURIAM.

Diomedes Anziani, one of 29 codefendants in this heroin-trafficking conspiracy case, challenges his 121–month sentence—a sentence reflecting the bottom of the applicable advisory guideline sentencing range—on the sole ground that the district court insufficiently explained its reasons for imposing this sentence in light of the statutory factors contained in 18 U.S.C. § 3553(a). Because, as detailed below, the district court's explanation was adequate under the standards subsequently articulated by this court, we grant the government's motion for summary disposition and affirm the sentence.

Although appellate review for unreasonableness under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), requires us "to have the district court's reasons for its sentence," *United States v. Jiménez–Beltre*, 440 F.3d 514, 519 (1st Cir.2006) (en banc), "a court's reasoning can often be inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge did," *id.*; *see United States v. Scherrer*, 444 F.3d 91, 94 (1st Cir.2006) (en banc). Both in the district court and on appeal, the burden of identifying and providing factual support for mitigating or aggravating factors rests with the propo-

nent of those factors. *United States v. Navedo–Concepción,* 450 F.3d 54, 60 (1st Cir.2006); *Jiménez–Beltre,* 440 F.3d at 519. Although the district court, ideally, should identify the main factors relied upon, its explanation need not be lengthy or detailed, nor need it address every argument made by the parties. *Navedo–Concepción,* 450 F.3d at 58. By like token, the district court is not required to address each statutory factor, "one by one, in some sort of rote incantation" or to give each factor equal weight. *United States v. Dixon,* 449 F.3d 194, 205 (1st Cir.2006). Of particular relevance here, a court's reasons for imposing a within-guideline sentence need not be as elaborate or compelling as those for imposing a sentence far outside the guideline sentencing range. *Compare, e.g., Navedo–Concepción,* 450 F.3d at 60, *with, e.g., United States v. Smith,* 445 F.3d 1, 4 (1st Cir.2006).

Although the district court here did not have the benefit of the guidance provided in the above-cited cases, its sentencing protocol "substantially complied," *Dixon,* 449 F.3d at 204, with our later pronouncements, and its explanations, though terse, are "plausible," *id.* Accordingly, we defer to the district court's on-the-scene judgment. *See id.; Jiménez–Beltre,* 440 F.3d at 519.

In particular, the district court appropriately started by calculating the applicable guideline sentencing range, *Jiménez–Beltre,* 440 F.3d at 8, and explained, at length, its reasons for applying or declining to apply the adjustments proposed by the defendant, the government, and/or the probation department. The resulting range obviously played a major role in determining the ultimate sentence, but that is not impermissible post-*Booker. See* 18 U.S.C. § 3553(a)(4) (requiring sentencing court to consider the guideline sentencing range); *Jiménez–Beltre,* 440 F.3d at

519 (endorsing district court's approach of giving "substantial weight" to the guidelines). In addition, the district court also considered the "statutory factors" and found a sentence at the low end of the guideline range to be appropriate in light of Anziani's acceptance of responsibility and the sentences given to his codefendants.

On appeal, Anziani alludes briefly to three factors that, in his view, the district court either failed to consider or weighed improperly. Assuming that those brief allusions are sufficient to warrant our consideration, *see United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990), we are not persuaded that any of the factors mentioned required a shorter sentence. Although the district court did not expressly address Anziani's lack of a prior criminal record, its failure to reduce his sentence on that ground was not unreasonable, given that the offense of conviction involved participation in a multi-year heroin-trafficking conspiracy including hundreds of criminal transactions. Nor was it unreasonable for the court to conclude, albeit implicitly, that Anziani's likely deportation upon release from prison was insufficient to serve the interests of public protection, *see Jiménez–Beltre,* 440 F.3d at 514, or that other factors should be accorded more weight, *Dixon,* 449 F.3d at 205.

Finally, Anziani takes issue with the district court's statement that his sentence is commensurate with those of his codefendants. However, he fails to provide the requisite factual support for such a claim. *See Scherrer,* 444 F.3d at 95. At any rate, our review of the district court record reveals that two of his codefendants, José Hiciano Amaro and Ramón Anziani, also received 121–month sentences, and that another codefendant, William Feliz (who Anziani argued below was more culpable yet received a lighter sentence) was found

responsible for a smaller amount of drugs than was Anziani. *See United States v. Feliz,* 453 F.3d 33, 34 (1st Cir.2006). This circumstance renders any disparity between the sentences not "unwarranted" under 18 U.S.C. § 3553(a)(6). *United States v. Escobar–Figueroa,* 454 F.3d 40, 54 (1st Cir.2006).

We need go no further. For the reasons elucidated above, we *grant* the government's motion for summary disposition and *affirm* the sentence.

*Affirmed.*